**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

ASHLEY EDWARDS,

        CASE NO.:

    Plaintiff,
vs.

JM OF FOPO, LLC, a Florida Limited Liability
Company d/b/a JERSEY MIKE'S SUBS; JM
OF SEBASTIAN, LLC, a Florida Limited
Liability Company d/b/a JERSEY MIKE'S
SUBS; and WILLIAM G. MICCO, JR.,
Individually.

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ASHLEY EDWARDS ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, JM, OF FOPO, LLC, a Florida Limited Liability Company d/b/a JERSEY MIKE'S SUBS ("JM FOPO"); JM OF SEBASTIAN, LLC ("JM SEB"); and WILLIAM G. MICCO, JR. ("MICCO"), Individually, (collectively "Defendants"), to recover from Defendants overtime pay as required by the Fair Labor Standards Act ("FLSA"), and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C.

§1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this district.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be, a resident of Indian River County, Florida.

5. At all times material hereto, JM FOPO was, and continues to be, a Florida Limited Liability Company. Further, at all times material hereto, Defendant JM FOPO was, and continues to be, engaged in business in St. Lucie County, Florida.

6. At all times material hereto, Defendant JM SEB was, and continues to be, a Florida Limited Liability Company. Further, at all times material hereto, Defendant JM SEB was, and continues to be, engaged in business in Indian River County, Florida

7. Upon information and belief, at all times relevant hereto, JM FOPO and JM SEB were Plaintiff's "integrated employer" under the FLSA, because they had: (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership/financial control.

8. At all times relevant hereto, JM FOPO and JM SEB were Plaintiff's "joint employer," for the purposes of FLSA coverage, pursuant to 29 C.F.R. §825.106, because: (i) There was an arrangement between them to share employees' services or to interchange employees; (ii) Each of them acted directly or indirectly in the interest of each other in relation to Plaintiff; or, (iii) They were not and are not completely disassociated with respect to the Plaintiff's employment, and shared control of Plaintiff, directly or indirectly, because each of them was under common control with each other.

9. JM FOPO and JM SEB operate under the business name "Jersey Mike's" provide the sale of sub sandwiches, chips, and other foods to the residents of Fort Pierce and Sebastian.

10. JM FOPO and JM SEB are currently listed with the Florida Department of State, Division of Corporations, as "Active" businesses. See Corporation search results for JM FOPO and JM SEB attached hereto as Exhibits A and B, respectively.

11. JM FOPO and JM SEB share the same mailing and principal address of 180 NE Fatima Terrace, Port St. Lucie, FL 34983.

12. JM FOPO and JM SEB share the same registered agent and managing member, Defendant MICCO.

13. Upon information and belief, Defendant MICCO jointly operates and/or controls both JM FOPO and JM SEB.

14. Defendants, JM FOPO and JM SEB are joint enterprise, because, upon information and belief, they engage in activities which are related to each other, they perform those activities under unified operation and common control, and they perform these activities for a common business purpose.

15. Plaintiff's paychecks and paystubs were issued by JM FOPO and JM SEB.

16. Based on information and belief, at all times material hereto, Defendant MICCO was an individual resident of the St. Lucie County, Florida.

17. Defendant MICCO managed the day-to-day operations of JM FOPO and JM SEB and regularly exercised the authority to: (a) hire and fire employees of JM FOPO and JM SEB; (b) determine the work schedules for the employees of JM FOPO and JM SEB; and (c) control the finances and operations of JM FOPO and JM SEB.

18. Defendant MICCO is an individual employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of JM FOPO and JM SEB towards Plaintiff.

19. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

20. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

21. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

22. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

23. At all times material hereto, Defendants JM FOPO and JM SEB were, and continue to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA.

24. Based upon information and belief, the annual gross revenue of Defendants JM FOPO and JM SEB, as a joint enterprise, were in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

25. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce, including but not limited to: registers; ovens; gloves; computers; meat slicers; refrigerators; and telephones.

26. At all times material hereto, the work performed by Plaintiff was directly essential

to Defendants' businesses.

**STATEMENT OF FACTS**

27. In May 2020, Defendants hired Plaintiff a non-exempt assistant manager. She remained in this position through the end of her employ in February 2021.

28. Initially, Plaintiff was assigned to work at Defendants' Sebastian, Florida location. Subsequent to Plaintiff's hire, from July 2020, through the end of her employment, Defendants also assigned Plaintiff to work at their Fort Pierce, Florida store.

29. Approximately three (3) or four (4) each week, Defendants required Plaintiff use her personal vehicle driving between shifts at Defendants' locations, completing daily tasks.

30. This intra-day drive time was compensable travel.

31. Defendants did not count this time toward Plaintiff's compensable hours, and did not pay Plaintiff for this time.

32. These intra-day drive time hours were always, or at least very nearly always, overtime hours.

33. Defendants' failure to pay this compensable drive time thus deprived Plaintiff of earned overtime compensation.

34. In addition, although Defendants shared Plaintiff's services in an identical position in their two locations, they did not aggregate Plaintiff's hours for purposes of calculating overtime. As a result, Plaintiff was paid "straight" hourly pay for her in-store hours, and overtime premiums for hours over forty worked in a single store, but was not paid overtime premiums on all of her hours over 40 in a workweek working for Defendants.

35. For example, if Plaintiff worked 50 hours in the St. Lucie store and 5 hours in the Sebastian store in the same week, and drove for 5 hours between the two, she would be paid 55

hours of straight pay, and 10 hours of overtime premiums.

36. The above example leaves 5 hours of overtime drive time and 5 hours of in-store overtime premiums completely unpaid.

37. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours each week.

38. Despite working numerous overtime hours for Defendants, Plaintiff was not paid proper overtime premiums for all of her overtime hours.

39. Upon information and belief, Defendants' paid Plaintiff through two (2) of its corporations (JM FOPO and JM SEB), to avoid properly compensating Plaintiff for all her overtime hours worked.

40. From at least May 2020, through February 2021, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

41. Defendants failed and/or refused to properly compensate Plaintiff at a rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours in a single workweek.

42. Plaintiff should be compensated at the rate of one and one-half times her regular rate of pay for all hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

43. Defendants have violated Title 29 U.S.C. §207 the term of Plaintiff's employment, in that:

    a. Plaintiff worked in excess of forty (40) hours in many weeks during her

        employment with Defendants;

b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

c. Defendants failed to maintain accurate daily time records as required by the FLSA, due to their failure to properly record intra-day drive time between locations.

44. Defendants' failure and/or refusal to properly compensate Plaintiff at the rate and amount required by the FLSA was willful, because Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime to Plaintiff for all hours over 40, not only those worked at the same store.

45. Defendants' failure to pay proper overtime was therefore knowing or in reckless disregard of the law.

46. Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

47. Plaintiff re-alleges paragraphs 1 through 40 of the Complaint, as if fully set forth herein.

48. Throughout her employment, Plaintiff worked in excess of forty (40) hours in many workweeks.

49. Plaintiff was not compensated at the statutory rate of one and one-half times her regular rate of pay for all hours in excess of forty (40) worked in each workweek.

50.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

51.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew, or reasonably should have known, that such was, and is, due.

52.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

53.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

54.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relied deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 5th day of November, 2021.

                                          Respectfully submitted,

                                          */s/ Angeli Murthy*

                                          Angeli Murthy, Esq., B.C.S.
                                          FL Bar No.: 088758
                                          MORGAN & MORGAN, P.A.
                                          8151 Peters Rd., Suite 4000
                                          Plantation, FL 33324
                                          Phone: (954) 327-5369
                                          Fax:    (954)-327-3016
                                          E-mail: amurthy@forthepeople.com
                                          *Trial Counsel for Plaintiff*